IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS ETIENNE ROTHSCHILD,

    Plaintiff,

v.                                                No. 1:22-cv-00227-KWR-SCY

NEW MEXICO DEPARTMENT OF
FINANCE AND ADMINISTRATION,

    Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff entered into a lease to live in Mr. Cortez's home beginning on January 1, 2022. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2, Doc. 1, filed March 28, 2022 ("Complaint"). Mr. Cortez wanted to cancel the lease and demanded Plaintiff move out of the residence. *See* Complaint at 2. Plaintiff contacted Defendant regarding the State of New Mexico's Emergency Rental Assistance Program ("ERAP") numerous times but was unable to obtain the assistance he was seeking. *See* Complaint at 2-3. Plaintiff asserts "violation(s) of Federal Laws and mandates of protected classes" pursuant to 42 U.S.C. § 1983 and seeks monetary damages. Complaint at 2, 8.

    United States Magistrate Judge Steven C. Yarbrough notified Plaintiff:

> "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181; *see also Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits.").

>Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege in his complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case.

Order to Show Cause, Doc. 4, filed April 4, 2022. Judge Yarbrough ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and notified Plaintiff that failure to timely show cause may result in dismissal of this case. Judge Yarbrough later granted Plaintiff's motion for a 30-day extension to show cause because Plaintiff had contracted Covid. *See* Doc. 6, filed April 12, 2022. Plaintiff did not show cause by the May 12, 2022, deadline.

The Court dismisses this case without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**